# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

UNITED STATES OF AMERICA,

v.

JUSTIN DANIEL HULGAN,

    Defendant.

CRIMINAL ACTION FILE NO. 4:13-CR-028-03-HLM-WEJ

## ORDER

This matter is before the Court on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [46].

AO 72A
(Rev.8/82)

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

AO 72A (Rev.8/82)

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Procedural Background

On May 21, 2013, a federal grand jury sitting in the Northern District of Georgia returned an Indictment against Defendant Justin Daniel Hulgan ("Defendant Hulgan"). (Docket Entry No. 1.) Count Two of the Indictment provided:

> On or about March 4, 2010, in the Northern District of Georgia, the defendant, JUSTIN DANIEL HULGAN, did knowingly possess with the intent to distribute a controlled substance, namely, a mixture and

substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(c).

(Indictment at 2.)

On August 19, 2013, Defendant Hulgan filed a First Motion to Dismiss. (Docket Entry No. 32.) On August 23, 2013, Defendant Hulgan filed a Supplemental Motion to Dismiss to perfect the previously filed motion. (Docket Entry No. 39.) On September 3, 2013, the Government filed a Response to Defendant Hulgan's Supplemental Motion to Dismiss. (Docket Entry No. 45.)

On September 6, 2013, Judge Johnson entered a Non-Final Report and Recommendation. (Docket Entry No. 46.) Judge Johnson recommended that the Court deny Defendant Hulgan's Motion to Dismiss.

4

As of the date of this Order, the Clerk's docket indicates that Defendant Hulgan has not filed an objection to Judge Johnson's Non-Final Report and Recommendation. (See generally Docket.) However, the time period for filing Objections has expired, and the Court consequently finds that the matter is ripe for resolution.

## III. Discussion

The Court has reviewed the Non-Final Report and Recommendation, and the record in the case, and agrees with Judge Johnson's denial of Defendant Hulgan's Motions to Dismiss. Defendant Hulgan correctly points out that he has "a constitutional and statutory right to be tried in the state and district in which the crime was committed." (Supl. Mot. Dism. at 2, citing United States v. Cabrales, 524 U.S.

AO 72A
(Rev.8/8
2)

1 (1998).) Defendant Hulgan may also be correct in his assertion that the drugs in question were "prescribed by a doctor in Tennessee, the prescription was filled in Tennessee and the possession . . . was in Tennessee." (Id. at 1.)

However, as Judge Johnson noted, "an offense 'begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.'" (Non-Final Report and Recommendation at 3, citing 18 U.S.C. § 3237(a).) Further, the Court agrees with Judge Johnson that "the Government can establish that the criminal act alleged in Count Two of the Indictment occurred in the Northern District of Georgia." (Id. at 4.)

AO 72A
(Rev.8/8 2)

IT IS SO ORDERED, this the 26 day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)